SAUNDERS, Judge,
dissents.
|,1 disagree with the portion of the majority opinion reversing the trial court’s award to the Raders due to Rush’s unjust enrichment. I feel that the Raders were impoverished by the actions of Rush. This whole scenario began because the Raders were in financial difficulties. They sought Rush’s help. Following his advice, they transferred properties to various entities in order to try to alleviate their problem. Rush eventually charged what the trial court found to be excessive and unjust attorney’s fees for these transactions. Although the Raders may not have actually paid these attorney’s fees directly to Rush, they were impoverished relative to them financial position due to Rush charging and collecting excessive fees for his “work” performed during these transactions.
One striking example occurred when Rush arranged for the Raders to each take out a loan from St. Martin Bank for $240,000.00. The proceeds of these loans were used to satisfy the $425,324.55 obligation that the Raders had to Mega Properties and to pay Rush $54,675.45. Although the finances used to pay Rush came from these loans, they were available due to the Raders delving greater into debt. Thus, it is difficult to understand how it can be found that these finances were not paid by the RRaders.
Moreover, Rush did not inform the Rad-ers that the excess proceeds from the loans were used to pay his fees. In this one specific example, had Rush not unjustly charged these fees, the Raders would have been in a better position to solve their financial problems. It thus seems clear that the trial court had a reasonable basis to find that Rush was unjustly enriched at the expense of the Raders.